UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LACY FAMILY, LLLP, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:14-cv-01719-WWE |
| | : | |
| DONALD HELLER and | : | |
| GINGER HELLER, | : | |
|     Defendants. | : | |

### **MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO QUASH**

Defendants Donald and Ginger Heller have moved to quash subpoenas issued to Bank of America and Capital One by plaintiff Lacy Family, LLLP. For the following reasons, defendants' motions to quash will be denied.

Plaintiff is a judgment creditor of defendant Donald Heller in the amount of $2,239,852.01. Plaintiff alleges that defendants have fraudulently transferred hundreds of thousands of dollars in assets in violation of Conn. Gen. Stat. § 52-552. Plaintiff's subpoenas request production of records concerning the financial transactions between defendants from April 28, 2008, to the present. Plaintiff has submitted evidence in the form of a Bank of America statement demonstrating that on November 17, 2008, Donald transferred $100,000 to his wife Ginger.

### DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Defendants assert that plaintiffs' subpoenas are overly burdensome and duplicative.

The requests place no burden or expense on defendants. Other than labeling the production requests as "onerous," defendants do not explain how the subpoenas would be overly burdensome for the banks. The Court is not persuaded that production of several years of account information involving a husband and wife would be onerous for the banks, as banks are in the business of keeping and producing such records.

Defendants submit that the information at issue should be requested directly from defendants before such information is requested of the banks. They contend, alternatively, that all relevant information has already been provided by them. Duplicative production is shunned primarily because it is burdensome and costly without benefit. Here, where defendants would incur no burden or cost of production, plaintiff should not be prevented access to the best evidence of the alleged financial transactions at issue. Nor should plaintiff be forced to take defendants' word that no further records exist, or, alternatively, that defendants will provide such records upon request.

Accurate banking records cannot be obtained from some other source that is "more convenient, less burdensome, or less expensive" than the banks themselves. See Fed. R. Civ. P. 26(b)(2)(C)(i). Considering the importance of this discovery in resolving the issues of this case (allegedly fraudulent transfers), the Court finds that the burden and expense of the proposed discovery does not outweigh its likely benefit. See Fed. R. Cip. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, defendants' motions to quash [Docs. # 27, 28] are DENIED.

Dated this 3rd day of March, 2016, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE